IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRYL WAYNE PRUETT,

        Petitioner,                                 OPINION AND ORDER

v.                                                     15-cv-708-wmc

JUDY P. SMITH, Warden,

        Respondent.

---

Petitioner Darryl Wayne Pruett seeks a writ of habeas corpus under 28 U.S.C. § 2241 and § 2254. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes two of Pruett's four claims for relief are subject to dismissal for the reasons that follow.

BACKGROUND

Pruett is currently incarcerated at the Oshkosh Correctional Institution ("OCI") in Oshkosh, Wisconsin. On June 23, 2008, he pled guilty to one count of sexual assault of a child under sixteen years of age in violation of Wis. Stat. § 948.02(2), and one count of repeated sexual assault of a child in violation of Wis. Stat. § 948.025(1)(b). Pruett received two concurrent sentences of 9 years imprisonment followed by 4 years of extended supervision, and he has been prohibited from contact with minors.

Following his sentence, Pruett filed a postconviction motion claiming ineffective assistance of trial counsel based on his counsel's failure (1) to pursue a not guilty by reason of mental disease ("NGI") defense, (2) to make a multiplicity objection with respect to the charges files against him and (3) to object to a statement about a rape by the victim in the presentence investigation report ("PSI"). After considering a new competency evaluation Pruett submitted by a Dr. Patricia Stanik, the circuit court rejected each of his ineffective assistance of counsel arguments. The Wisconsin Court of Appeals affirmed the circuit court, *State v. Pruett*, 344 Wis. 2d 298, ¶ 1, 821 N.W.2d 413 (Table), 2012 WL 3176401, 2012 WI App 106 (Aug. 7, 2012) (unpubl.). As to each argument respectively, the court reasoned that (1) Dr. Stanik's report did

not meet the statutory NGI standard, (2) the multiplicity argument failed because the complaint supported the premise that there were three separate acts of sexual assault, and (3) the statement by the victim in the PSI report did not impact the sentence. *Id.*, ¶¶ 11, 12, 13. The Wisconsin Supreme Court denied review. *State v. Pruett*, 346 Wis. 2d 284, 827 N.W.2d 374 (Table) 2013 WI 22 (Feb. 11, 2013).

Pruett then filed a Motion for Post-Conviction Relief Pursuant to Wis. Stat. § 974.06, in which he sought to withdraw his guilty plea, claiming that his trial counsel was ineffective due to his counsel's failure to pursue an NGI defense. The motion was denied, and he appealed the decision to the Wisconsin Court of Appeals, arguing that (1) the circuit court judge should have recused himself because of bias; (2) his trial counsel was ineffective for failing to present an NGI defense; and (3) Pruett established sufficient reason to allow him to raise the ineffective assistance of counsel claim despite the procedural bar set forth in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82 (1994). The Wisconsin Court of Appeals rejected each of his arguments. It found that his bias argument was procedurally barred because he had not raised it previously. *State v. Pruett*, 354 Wis. 2d 759, ¶ 5, 869 N.W.2d 170 (Table), 2015 WL 4079150, 2015 WI App 68) (July 7, 2015) (citing *State v. Evans*, 2004 WI 84, ¶ 33, 273 Wis. 2d 192, 682, N.W.2d 784). And it rejected his ineffective assistance of counsel argument because issues previously decided on appeal cannot be relitigated. *Id.*, ¶ 6 (citing *State v. Witkowski*, 163 Wis. 2d 985, 900, 473 N.W.2d 512 (Ct. App. 1991)). Pruett filed a motion for reconsideration, which was denied on July 20, 2015, and a petition for review with the Wisconsin Supreme Court, which was also denied on October 8, 2015.

OPINION

Pruett is raising four claims for relief in his petition: (1) bias on the part of the circuit court judge; (2) a false rape allegation permitted the judge to double the sentence requested by the prosecutor; (3) the State brought two felonies against him with respect to the same event, making it appear that he was a habitual offender; and (4) the punishment constituted cruel and

2

unusual punishment because the judge sentenced him for "imaginary" crimes against his son because his sentence prohibits contact with him. Claim 2 appears to repeat Pruett's multiplicity argument, and claim 3 appears to repeat his PSI statement objection, both of which were raised during Pruett's first postconviction motion, which he unsuccessfully presented to the Wisconsin Court of Appeals and the Wisconsin Supreme Court. It appears, therefore, that Pruett exhausted claims 2 and 3, and that a response from the state will be necessary as to those claims.[1] On the other hand, claims 1 and 4 are barred by the doctrine of procedural default and thus are subject to dismissal.

Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). Both scenarios apply here, and so all of Pruett's claims are procedurally defaulted.

As to claim 1, bias, Pruett procedurally defaulted because he presented this claim to the state court, but the Wisconsin Court of Appeals dismissed it on a state procedural ground independent of the federal question and adequate to support the judgment. *Perruquet*, 390 F.3d at 514. In particular, Pruett brought his bias claim before the Wisconsin Court of Appeals, which rejected it on the ground that he had procedurally defaulted on that claim by failing to bring it up to the circuit court. *Pruett*, 354 Wis. 2d 759, ¶ 5.

---

[1] Although Pruett's postconviction motion couched his claims 2 and 3 in terms of ineffective assistance of counsel, and his petition does not, it appears that these claims are nonetheless exhausted because the state court considered the underlying merits of each claim.

As to claim 4, Pruett has procedurally defaulted due to his failure to seek review by the Wisconsin Supreme Court. A petitioner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented or exhausted his claims and those claims are procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003) (a Wisconsin prisoner seeking federal habeas review must first complete state appellate review process by presenting claims on direct appeal to state court of appeals and then to state supreme court in petition for review). As it does not appear that Pruett ever presented his claims related to his son to any state court, he has defaulted on it.

A habeas petitioner may overcome procedural default by establishing cause for the default, as well as that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show actual prejudice, he must present evidence that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet*, 390 F.3d at 515 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Carrier*, 477 U.S. at 496); *accord Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Because procedural default is an affirmative defense, Pruett was not required to show cause and prejudice or actual innocence in his original petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it

renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In this instance, a motion to dismiss the petition as procedurally barred would be inevitable.

Pruett will therefore be allowed an opportunity to overcome the procedural default with respect to his claims by showing: (1) what cause he may have for his failure to properly present claim 1 to the circuit court and failing to present claim 4 to the Wisconsin Supreme Court, and (2) what prejudice he suffered; or whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent. Because any response will be considered as a "supplement" to his petition for a writ of habeas corpus, Pruett must make sure to declare that any statements contained in his response are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner). Pruett may have 30 days to file the supplement. If he files the supplement, the court will determine whether he may proceed with claims 1 and 4, or whether they should be dismissed as procedurally defaulted. The court will then order the state to respond to the petition. If Pruett fails to file a supplement within 30 days, the court will order the state to respond to claims 2 and 3 of the petition and claims 1 and 4 will be dismissed as procedurally defaulted.

## ORDER

IT IS ORDERED THAT:

1. Petitioner Darryl Wayne Pruett is directed to show cause, if any, by responding in writing within thirty (30) days of the date of this order, why claims 1 and 4 of his petition should not be dismissed as barred by the doctrine of procedural default by showing:

    (a) what cause he may have for his failure to properly present his defaulted claims in state court, and what prejudice he suffered; or

    (b) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent.

2. Petitioner should label his document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

3. No further action will be taken in this case until petitioner files a response to this order. **Petitioner is advised that if he does not respond to this order as directed, the presiding judge will dismiss claims 1 and 4 as barred by the doctrine of procedural default and will direct the state to respond to claims 2 and 3 of the petition.**

Entered this 7th day of April, 2016.

> BY THE COURT:
>
> /s/
>
> STEPHEN L. CROCKER
> Magistrate Judge