IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARRYL WAYNE PRUETT,

    Petitioner,

v.

JUDY P. SMITH, Warden,

    Respondent.

OPINION AND ORDER

15-cv-708-wmc

Darryl Wayne Pruett has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his December 3, 2008, judgment of conviction in the Circuit Court for Trempeauleau County, Wisconsin, for sexual assault of a child under the age of 16 and for repeated sexual assault of a child. In orders entered on April 7 and July 25, 2016 (Dkt. ## 8, 10), this court found that Pruett's claims in Count 1 of his petition that the circuit court judge was biased and in Count 4 that his sentence amounted to cruel and unusual punishment were barred under the procedural default doctrine. However, the court allowed petitioner to proceed on Counts 2 and 3, claiming, respectively, that: (1) a false rape allegation caused the judge to double the sentence requested by the prosecutor; and (2) the State brought two felonies against him with respect to the same event, making it appear that he was a habitual offender. The state subsequently responded to both claims as directed by the court. After considering the parties' briefs, the petition and documents

of record, the court will dismiss the remaining claims in Pruett's petition for the reasons stated below.

BACKGROUND

On June 23, 2008, Pruett pled guilty in the Circuit Court for Trempeauleau County to one count of sexual assault of a child under sixteen years of age in violation of Wis. Stat. § 948.02(2), and one count of repeated sexual assault of a child in violation of Wis. Stat. § 948.025(1)(b). Pruett received two concurrent sentences of 9 years imprisonment to be followed by 4 years of extended supervision. He is also prohibited from contact with minors. Pruett is currently serving the extended supervision portion of his sentence.

After sentencing, Pruett filed a postconviction motion claiming ineffective assistance of trial counsel based on his failure to: (1) pursue a not guilty by reason of mental disease ("NGI") defense; (2) make a multiplicity objection with respect to the charges filed against him; and (3) object to a statement about a rape by the victim in the presentence investigation report ("PSI"). After considering an additional mental health evaluation Pruett submitted by a Dr. Patricia Stanik, the circuit court rejected each of his ineffective assistance of counsel arguments. The Wisconsin Court of Appeals affirmed that ruling in *State v. Pruett*, 344 Wis. 2d 298, ¶ 1, 821 N.W.2d 413 (Table), 2012 WL 3176401, 2012 WI App 106 (Aug. 7, 2012)(unpublished opinion). As to the three claims of ineffective assistance set forth above, the court reasoned: (1) Dr. Stanik's report did not

meet the statutory NGI standard; (2) the multiplicity argument failed because the complaint supported the premise that there were three separate acts of sexual assault; and (3) the statement by the victim in the PSI report did not impact the sentence. *Id*. ¶¶ 11, 12, 13. The Wisconsin Supreme Court denied review. *State v. Pruett*, 346 Wis. 2d 284, 827 N.W.2d 374 (Table), 2013 WI 22 (Feb. 11, 2013).

Pruett then filed a Motion for Post-Conviction Relief under Wis. Stat. § 974.06, seeking to withdraw his guilty plea based on his trial counsel failing to pursue an NGI defense. The circuit court also denied that motion, and Pruett appealed the decision to the Wisconsin Court of Appeals, arguing that: (1) the circuit court judge should have recused himself because of bias; (2) his trial counsel was ineffective for failing to present an NGI defense; and (3) Pruett established sufficient cause to allow him to raise the ineffective assistance of counsel claim despite the procedural bar set forth in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82 (1994). The court of appeals rejected each of his arguments. As for his bias argument, the court found it procedurally barred because he had not raised it previously. *State v. Pruett*, 354 Wis. 2d 759, ¶ 5, 869 N.W.2d 170 (Table), 2015 WL 4079150, 2015 WI App 68 (July 7, 2015) (citing *State v. Evans*, 2004 WI 84, ¶ 33, 273 Wis. 2d 192, 682, N.W.2d 784). As for the ineffective assistance of counsel arguments, the court rejected them because issues previously decided on appeal cannot be relitigated. *Id*. ¶ 6 (citing *State v. Witkowski*, 163 Wis. 2d 985, 900, 473 N.W.2d 512 (Ct. App. 1991)). While Pruett filed a motion for reconsideration, it was denied on July 20,

2015, and a subsequent petition for review was denied by the Wisconsin Supreme Court on October 8, 2015.

Pruett filed this pending habeas corpus petition in November 2015. On April 7, 2016, this court reviewed the petition and determined that it presented four claims for relief: (1) the circuit court judge was biased; (2) a false rape allegation permitted the judge to double the sentence requested by the prosecutor; (3) the State brought two felonies against Pruett with respect to the same event, making it appear that he was a habitual offender; and (4) the punishment constituted cruel and unusual punishment because the judge sentenced him for "imaginary" crimes against his son because his sentence prohibits contact with him. (Dkt. #8, at 2-3.) As previously explained, the court dismissed Counts 1 and 4 on grounds of procedural default, while ordering the state to respond to the remaining two Counts. (Dkt. #10.)

OPINION

I. Impact of Rape Allegation

As noted previously, Pruett alleges in Count 2 of the petition that a "false 'rape' allegation helped [the] judge go outside sentencing guidelines in doubling sentence DA wanted." (Dkt. #1, at 7.) The state construes this as a claim of judicial bias, (Opp'n Br. (dkt. #24) at 7), arguing that it must be dismissed under the procedural default doctrine because Pruett failed to properly raise that claim during state court proceedings.

Insofar as Pruett may be asserting a claim of judicial bias, the court agrees the claim is procedurally defaulted for the reasons stated in this court's previous orders. As noted in those orders, Pruett did not raise a bias claim in his initial post-conviction motion, causing the state appellate court to find the claim procedurally defaulted under S*tate v. Escalona-Naranjo,* 185 Wis. 2d 168, 181-82, 517 N.W. 2d 157 (1994), when Pruett later tried to raise it in his Wis. Stat. § 974.06 collateral attack. *See Pruett*, 354 Wis. 2d 759, ¶ 5, 869 N.W.2d 170 (Table), 2015 WL 4079150, 2015 WI App 68) (July 7, 2015) (finding Pruett's judicial bias claims to be procedurally barred because he had failed to assert a sufficient reason for not raising the claim on direct appeal).

To the extent that the petitioner seeks to present a claim previously dismissed by state courts on a state procedural ground, a federal court is precluded from reaching the merits of that claim provided the state court's rule is independent of a federal question and adequate to support the judgment. *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002). The law set forth in Wis. Stat. § 974.06 and *Escalona–Naranjo* has been recognized as an "independent and adequate state law ground of procedural default." *See Perry v. McCaughtry*, 308 F.3d 682, 692 (7th Cir. 2002). Because Pruett has shown neither cause for nor prejudice resulting from his default, nor made a showing of actual innocence, this court has no basis to excuse his default in state court. *See Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)("A federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and

prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"). Assuming Count 2 purports to be a claim of judicial bias, then this court cannot consider the claim on the merits.[1]

That being said, the court is not convinced that Pruett is only arguing judicial bias in Count 2. More likely Pruett seeks to reassert his claim, raised initially on direct appeal from his conviction and denied on the merits by the state court, that his trial counsel was ineffective for failing to object to a statement by the victim in the Presentence Investigation. *See Pruett*, 2012 WI App 106, ¶ 13 ("Pruett also argues that trial counsel was ineffective for failing to object to a statement by the victim in the PSI" stating that she thought Pruett might have raped her in her sleep). Regardless, giving petitioner the benefit of the doubt, the court will so construe this to be his claim.

Even under this more generous construction, however, Pruett still is not entitled to habeas relief. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant a petition for habeas corpus only if the state court's ruling on the federal constitutional question "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State

---

[1]The state also notes that Pruett raised a fifth claim, not discussed in the court's previous orders, in which Pruett made additional allegations of judicial bias based on the judge's friendship with his wife's friend's husband. (See Pet. (dkt. #1) at 10.) However, the court shares the state's view that Pruett's claims of judicial bias in Claim 5 are procedurally defaulted, along with his other judicial bias claims.

court proceeding.'" *Campbell v. Reardon*, 880 F.3d 857, 863-64 (7th Cir. 2015) (quoting 28 U.S.C. § 2254(d)). On its face, this standard is obviously "'difficult to meet' and 'highly deferential.'" *Id*. (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). Indeed, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id*. at 761–62 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Pruett has not and cannot make this showing. The Wisconsin Court of Appeals recognized that Pruett's claim is governed by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which sets out the controlling test for analyzing claims of ineffective assistance of counsel. *Pruett*, 2012 WI App 106, ¶ 3. The court of appeals then found that the facts of record did not support Pruett's claim that the "false rape" allegation affected his sentence, explaining:

> Pruett's PSI was sixteen pages. A summary of the victim's statement was three pages. It included two sentences in which the victim said that she thought that Pruett "might have raped me in my sleep." The circuit court stated that "as the sentencing judge I don't recall relying much on that statement." The court's recollection is borne out by the sentencing transcript which has no reference whatsoever to the victim's statement that this additional act may have happened. Moreover, when considering what an appropriate sentence would be under the sentencing guidelines, the court noted intermediate offense severity was appropriate because Pruett "did not have intercourse and also he had no prior criminal record . . . ." These facts critically undermine Pruett's contention that the victim's statement had an impact on his sentence.

7

*Id*. ¶ 13. In other words, the court found that Pruett had not been prejudiced by his lawyer's failure to object to the victim's statement.

Under 28 U.S.C. § 2254(e), this court must presume the state courts' factual determinations are correct unless petitioner rebuts the presumption by "clear and convincing evidence." Pruett has not pointed to any facts or otherwise disputed the state appellate court's finding that the victim's statement had no impact on his sentence, and a review of the sentencing transcript (dkt. #18-17) reveals that the court accurately described the sentencing court's comments. It follows that Pruett has failed to show that the state court's adjudication of his claim was based upon an unreasonable determination of the facts or an unreasonable application of clearly established federal law, and therefore habeas relief is not available to him.

II. Multiple Charges of Sexual Assault of a Child

The state construes Pruett's third ground for relief---that the state filed multiplicitous charges against him---as a claim that Pruett's lawyer was ineffective for failing to object to the faulty complaint. (Opp'n Br. (dkt. #24) at 9-10.) The court agrees with that construction, and further agrees that habeas relief is not available to Pruett on this ground.

Reviewing the same claim on Pruett's direct appeal, the Wisconsin Court of Appeals found that the complaint did not contain multiplicitous charges. *See Pruett*, 2012 WI App

106, ¶ 12 ("According to the summary of the interview with the victim, Pruett sexually assaulted her at least three times beginning in the spring of 2004 and before April 2007. The complaint supports the premise that Pruett was guilty of a single act of sexual assault on or about April 22, 2007, and three separate acts of sexual assault between April 2004 and the beginning of April 2007."). That court further found that even if Pruett's trial counsel had raised a multiplicity objection, "the State could easily have amended the complaint and/or Information to state that count two covered the time period between April 2004 and March 2007," and thus the objection would have made no difference in Pruett's case. *Id*.

As with Count 2, Pruett has pointed to no facts and advanced no argument that calls into question the state court's findings that the complaint was not multiplicitous, much less that it could not have been amended if it was. Pruett has therefore failed to meet the high burden of showing that the state court's adjudication of his claim of multiplicitous charges was unreasonable, much less that he is entitled to habeas relief on this claim.

III. Counsel's Failure to Pursue NGI Plea

Finally, most of Pruett's brief in support of his petition is focused on a claim that he did not specifically assert as a ground for relief in his petition: the claim that his lawyer should have pursued a plea of not guilty by reason of mental disease or defect. Pruett now

9

asserts that several doctors who evaluated him found he had "Axis I" mental impairments including major depressive disorder and generalized anxiety disorder. (Pet.'s Br. (dkt. #27) at 2.) Without citing to any evidence, Pruett goes on to state that he was unable to conform his conduct to the requirements of the law when he committed his crime because he was not taking psychotropic medication at that time.

The Wisconsin Court of Appeals rejected this claim on Pruett's direct appeal. Before that court, Pruett presented a report from Dr. Patricia Stanik that he maintained established that he had a viable NGI defense. *Pruett*, 2012 WI App 106, ¶ 8. The court of appeals expressly rejected this argument, finding that Stanik's report was internally inconsistent and failed to meet the statutory NGI criteria. (*Id*. ¶¶ 9-11.) The court also noted that Dr. Erik Knudson, who had evaluated Pruett for competency to stand trial, had "effectively informed trial counsel though his competency evaluation that an NGI defense would be unavailing in Pruett's case" (*id*. ¶ 6), at least insofar as Dr. Knudson had found that Pruett was not suffering from any mental disease and that his interactions suggested "self-serving motivation." (*Id*.) Therefore, the court found that Pruett had failed to satisfy either the deficient performance or prejudice prongs of the *Strickland* test for a claim of ineffective assistance of counsel. (*Id*. ¶ 11.)

As noted previously, this court may not grant habeas relief on a claim that was decided on the merits in state court unless the state court's ruling on a federal constitutional question was contrary to, or involved an unreasonable application of, clearly

established Federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Although this court does not have Dr. Knudson's or Dr. Stanik's report before it, Pruett fails to contest either the accuracy or the reasonableness of the state appellate court's conclusions regarding the reports. He merely rails against his lawyer and the trial court for misunderstanding the requirements of an NGI plea. These arguments are wholly insufficient to establish that the Wisconsin Court of Appeals was unreasonable in concluding that Pruett had shown neither deficient performance nor prejudice under *Strickland.* Accordingly, habeas relief is unavailable to Pruett on this claim as well.

IV. Certificate of Appealability

If Pruett seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For all the reasons just discussed, Pruett has made no such showing. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that:

1. Darryl Wayne Pruett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED in its entirety.

2. A certificate of appealability under 28 U.S.C. § 2253(c) is DENIED.

Entered this 9th day of July, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge